IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NICKOLAS ANTHONY TRABUCCO**                                                 **PLAINTIFF**

**V.**                                                 **NO: 3:22-CV-132**

**ANDRES RIVERA**                                                 **DEFENDANT**

## ORDER

This matter is before the Court on Plaintiff Trabucco's Motion for Partial Summary Judgment (ECF No. 46) and Defendant Rivera's Motion for Summary Judgment (ECF No. 48). The motions are fully briefed, and the Court has thoroughly reviewed the record and carefully considered the applicable law. This is the decision of the Court.

### BACKGROUND

This excessive force case arises out of an incident that occurred on July 7, 2021, at a J&J fuel station in Hernando, Mississippi. Video footage and other exhibits reflect that while Defendant Rivera was filling his Sheriff's Department vehicle with gas, he observed Plaintiff Trabucco drive a car into the parking lot and into a parking space. According to Officer Rivera, the tires of the car squealed as Mr. Trabucco drove in. The video shows that Mr. Trabucco sits in the car after he parks it. (ECF No. 46, Ex. A., Surveillance Video, 0:30-0:57). After approximately thirty seconds, Officer Rivera walks to the car and approaches the driver's side. (*Id.*, 0:58). Officer Rivera stands beside the car and communicates with Mr. Trabucco, who remains in the car. (*Id.*, 0:59-1:20). The parties dispute what each communicated to the other during this time. Mr. Trabucco opens the car door, and the parties communicate further for approximately ten seconds. Mr. Trabucco stands up, getting out of the car, and starts to walk toward the back of the car. Officer Rivera swiftly tackles

Mr. Trabucco, wrestling him to the ground just behind the car, out of view. (*Id.*, 1:35). The parties dispute what happened while they were on the ground, where they remained for approximately seven seconds. (*Id.*, 1:35-1:42). When Officer Rivera and Mr. Trabucco stand up, Officer Rivera has Mr. Trabucco in a chokehold. (*Id.*, 1:42). Mr. Trabucco struggles against the chokehold, and Officer Rivera pushes him away. (*Id.*, 1:42-47). Mr. Trabucco backs away, gesticulating with an appearance of bewilderment, and kicks off a shoe, as Officer Rivera pulls out a taser and points it toward Mr. Trabucco. (*Id.*, 1:48-50). Officer Rivera begins walking toward Mr. Trabucco, who kneels down, with his hands up in a gesture of surrender. As Mr. Trabucco is kneeling, with his armed raised – a split second after Mr. Trabucco has knelt -- Officer Rivera tases him in the back. (*Id.*, 1:58). Mr. Trabucco sprawls on his stomach on the ground, writhing, hands behind him, as Officer Rivera continues to point the taser at him. (*Id.*, 1:59-2:05). The parties dispute whether Officer Rivera tases him a second time.

Mr. Trabucco states that he experienced physical and psychological injuries due to Officer Rivera's use of force. Officer Rivera points out that Mr. Trabucco declined medical care at the scene. Mr. Trabucco was charged with driving under the influence, reckless driving, resisting arrest, disorderly conduct-failure to obey, and a seatbelt violation. He pleaded guilty to driving under the influence, and his other charges were remanded.

Mr. Trabucco filed this lawsuit on July 7, 2022, bringing a single count of excessive force under 42 U.S.C. § 1983 and the Fourth Amendment. (ECF No. 1). Mr. Trabucco now seeks partial summary judgment in his favor as to the issue of liability, and Officer Rivera seeks summary judgment in his favor.

**LEGAL STANDARDS**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 248 (1986). At the summary judgment stage, the court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). If a moving party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law, the nonmoving party "must come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 634 F.3d 685, 690 (5th Cir. 2011). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994)). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Little*, 37 F.3d at 1075.

To establish a Fourth Amendment violation based on allegations of excessive force, a plaintiff must prove: (1) an injury; (2) that resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable. *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012). In determining whether a use of force was excessive, the court considers, without limitation, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). "The

3

'reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*

## DISCUSSION

Genuine disputes as to material facts preclude summary judgment for either party in this case. Whether a use of force was excessive and unreasonably so requires careful consideration of the totality of the circumstances and is a quintessential question of fact. Officer Rivera and Mr. Trabucco dispute, among other things, the nature of their verbal interactions; whether Mr. Trabucco posed an immediate threat to the safety of others; whether he was actively resisting arrest; and the scope of Mr. Trabucco's injuries. All these factual questions bear directly on liability. Each party presents admissible evidence to support his position. On this record, which is replete with material factual disputes, neither party is entitled to judgment as a matter of law, and the case must proceed to trial.

## CONCLUSION

For these reasons, summary judgment is not warranted. Plaintiff Trabucco's Motion for Partial Summary Judgment as to liability (ECF No. 46) is **DENIED**, and Defendant Rivera's Motion for Summary Judgment (ECF No. 48) is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of September, 2023.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**