IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NIKOLAS ANTHONY TRABUCCO**                                                    **PLAINTIFF**

**v.**                                                                                   No. 3:22-cv-00132-MPM

**ANDRES RIVERA**                                                                                                      **DEFENDANT**

<u>**ORDER**</u>

This cause comes before the court on the motions *in limine* filed by both parties. The court, having considered the memoranda and submissions of the parties, is prepared to rule.

Before ruling on the defendants' motions, this court will briefly discuss the relevant motion *in limine* standards. "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (additional citations omitted). In this context, "[e]vidence should not be excluded . . . unless it is clearly inadmissible on all potential grounds." *Id.* (quoting *Fair v. Allen*, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)) (emphasis added). Evidentiary rulings "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008) (*citing Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir. 1975)). Moreover, the "[d]enial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Gonzalez v. City of Three Rivers*, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) (quoting *Hawthorne Partners v. AT&T Tech., Inc.,* 831 F.Supp. 1398, 1400 (N.D. Ill. 1993); *Luce v. United States*, 469 U.S. 38, 41 n.4, (1984)).

This Court has previously emphasized that "[t]he purpose of motions *in limine* is not to reiterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *Maggette v. BL Development Corp.*, 2011 WL 2134578, at *4 (N.D. Miss. May 21, 2011) (emphasis in original); *see also Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008) ("[M]otions *in limine* should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection."). Additionally, a motion "set[ting] forth a lengthy laundry list of matters, most of them of a highly vague nature . . . constitutes an improper 'shotgun' motion which fails to meet this court's standards for motions *in limine*." *Estate of Wilson*, 2008 WL 5255819, at *1. With these standards in mind, this court will now consider both parties' motions *in limine*.

### I. Plaintiff's Motions *in Limine*.

Plaintiff's first motion asks "this Court [to] exclude any evidence, argument, or questioning pertaining to the statement which Trabucco allegedly made to Rivera following his arrest and Trabucco's striking of the patrol car window after his arrest." Specifically, Defendant Rivera alleges that, following his arrest, Plaintiff Trabucco made threatening statements to him. Plaintiff "adamantly denies making such a statement" and writes that:

> [E]ven if the statement was made as Rivera alleges, it occurred after the arrest, and more importantly, after the use of force at issue. Therefore, the statement would be irrelevant to any consideration by the jury of the facts surrounding the use of force. In addition to the alleged statement, Trabucco admits that he hit the window of Rivera's patrol car . . . Again, this occurred after the arrest and had no bearing on the amount of force used by Rivera . . . [T]he goal of seeking to admit such evidence would be to unfairly prejudice the jury against Trabucco, and the danger of such an ourcome substantially outweighs the probative value of the evidence, if any exists.

2

In response, Defendant Rivera argues that evidence of Plaintiff Trabucco's "physical and verbal aggressiveness immediately following his arrest is highly relevant and central to the Plaintiff's credibility" because he has claimed throughout the case that he was never verbally or physically aggressive towards Defendant Rivera at any point.

This court believes that this is the sort of matter which is best raised at trial, when it will know specifically what evidence is being objected to, and when it will have a greater understanding of the factual context in which a particular objection is raised. Accordingly, this court will not make a final ruling on this issue at this juncture.

Plaintiff's second motion *in limine* seeks to exclude "evidence that Trabucco was arrested and charged with a felony drug charge subsequent to his arrest by Rivera [in October 2022]." Plaintiff Trabucco notes that the arrest and charge in question occurred more than a year after the arrest at issue in this case and the plaintiff "has still not been indicted, let alone convicted, on that charge." In response to this motion, the defendant writes that the evidence is relevant to the plaintiff's character for truthfulness and should be admissible under Federal Rule of Evidence 608. The defendant argues:

> Like Defendant Rivera's report concerning the J&J incident, both Defendant Rivera's and the female deputy's report regarding the October, 2022 traffic stop note Plaintiff's physical and verbal resistance and Plaintiff's noncompliance. And like Plaintiff's contention than [*sic*] he complied with Defendant Rivera and that he was not verbally or physically aggressive prior to his arrest at J&J, Plaintiff claims that he did not do anything wrong during the October, 2022 traffic stop.

The defendant further contends that the "substantial similarities" between the events at issue in this case and those of October 2022 are "critical for determining whether punitive damages are necessary to punish Defendant Rivera and deter him from such conduct in the future."

Defendant Rivera relies on Fed. R. Evid. 608 as their basis for admittance, which states that a witness's credibility may be attacked by testimony regarding the witness's reputation for

3

having a character for untruthfulness or by opinion testimony about that character. When attacking a witness's character for truthfulness, extrinsic evidence of specific instances of conduct is not admissible, but the court may allow inquiry into those instances on cross-examination if they are probative of the witness's character for truthfulness. The defendant is not, however, seeking to admit testimony about the plaintiff's reputation for untruthfulness or opinion testimony regarding his character. Instead, Defendant Rivera wants to introduce evidence of how the plaintiff behaved in a subsequent incident that was "substantial[ly] similar[]" to the one at issue in this case. Therefore, this court believes that the more applicable Fed. R. Evid. is Rule 404(b), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Though the defendant claims the evidence is offered to attack the plaintiff's "character for truthfulness," the court finds this argument lacking. Defendant Rivera specifically mentions the similarities between the two incidents in their response, which leads to the type of inference that is expressly prohibited by Rule 404(b). Furthermore, the subsequent incident the defendant wishes to introduce is not probative because, like the incident at issue in this case, it is the plaintiff's word against that of the officers. It does not necessarily go to the plaintiff's character for truthfulness because it is not definitive that he was untruthful in the subsequent issue. Therefore, the probative value of this evidence, if any, is substantially outweighed by the risk of unfair prejudice to the plaintiff, confusing the issues, or misleading the jury and should be excluded under Rule 403. Accordingly, Plaintiff's second motion in limine will be granted.

Plaintiff Trabucco's third motion i*n limine* seeks to exclude evidence of Plaintiff Trabucco's prior criminal charges, and his fourth motion *in limine* seeks to exclude evidence of

4

the plaintiff's alleged recreational drug use. Both of these motions were unopposed and will, therefore, be granted.

Plaintiff Trabucco's fifth and final motion *in limine* seeks to exclude "Pyran Taylor's supplemental narrative and opinion testimony from Pyran Taylor regarding Plaintiff's alleged intoxication." The plaintiff argues that "Taylor's observations of Plaintiff which occurred well after the arrest and use of force are irrelevant to an analysis of whether the force used by Rivera was reasonable at the time it was applied." Further, the plaintiff points out that there are two alternative methods by which evidence of Mr. Trabucco's alleged intoxication may be presented. First, the entire incident in on video, allowing the jurors to judge for themselves the plaintiff's demeanor before and during his arrest. Secondly, Officer Rivera witnessed the plaintiff's demeanor before and "can certainly testify to what he observed to be Plaintiff's demeanor that he may allege justified his use of force."

In response, the defendant filed a motion to strike the plaintiff's fifth motion *in limine* because it was untimely filed. The plaintiff concedes that his motion was filed beyond the deadline, but responds that he only became aware of Defendant Rivera's intent to use this evidence after the deadline had passed. This court finds that Pyran Taylor's report is irrelevant because it was too remote in time and should, therefore, be excluded. Accordingly, Defendant Rivera's motion to strike is denied and Plaintiff Trabucco's fifth motion *in limine* is granted.

## II. Defendants Motions *in Limine*

Defendant Rivera's first motion *in limine* moves to exclude "any evidence and/or testimony concerning any claim or cause of action that may be dismissed pursuant to Defendant's Motion for Summary Judgment." In response, Plaintiff Trabucco states that the motion is "premature and lacks the specificity necessary to respond." Since there were no claims or causes of action

5

dismissed in the ruling on the defendants motion for summary judgment, Defendant Rivera's first motion in limine is denied as moot.

The defendant's second and third motions *in limine* seek to exclude portions of video recordings that he alleges are irrelevant. The defendant's second motion asks for the exclusion of "the audio portion of Plaintiff Trabucco's recording of the J&J surveillance camera footage." The video contains "various narrations and commentary from Plaintiff" and other individuals that were speaking while the plaintiff recorded the footage. In the defendant's third motion, he seeks to exclude "any evidence or testimony concerning the body camera recording that reflects various DeSoto County deputies on the scene after Plaintiff had been taken into custody and secured in a patrol unit." Both motions were unopposed by Plaintiff Trabucco and are, therefore, granted.

Defendant Rivera's fourth motion *in limine* seeks to exclude any evidence or testimony concerning Defendant Rivera's use of a TASER on other suspects during Defendant's employment with DeSoto County Mississippi." The defendant argues that "Plaintiff and his counsel will attempt [*sic*] introduce evidence and/or elicit, either directly or indirectly, testimony to argue or infer that Defendant Rivera has a propensity to repeatedly cycle his TASER on suspects," which should be prohibited under Fed. R. Evid. 404(b) and 403.

In response, the Plaintiff does not oppose the exclusion of specific instances of prior taser use, but contends that he should be able to introduce evidence "that Defendant Rivera had used his taser as a DeSoto County sheriff's deputy in the past and that, as a result, Defendant Rivera, at the time he arrested Plaintiff, was familiar with the use of a taser, including understanding how the taser operates and functions. The plaintiff argues that "the fact that Defendant Rivera was knowledgeable about the function of a taser from past usage is relevant to the jury's consideration of Defendant Rivera's choice to use his taser."

dismissed in the ruling on the defendants motion for summary judgment, Defendant Rivera's first motion in limine is denied as moot.

The defendant's second and third motions *in limine* seek to exclude portions of video recordings that he alleges are irrelevant. The defendant's second motion asks for the exclusion of "the audio portion of Plaintiff Trabucco's recording of the J&J surveillance camera footage." The video contains "various narrations and commentary from Plaintiff" and other individuals that were speaking while the plaintiff recorded the footage. In the defendant's third motion, he seeks to exclude "any evidence or testimony concerning the body camera recording that reflects various DeSoto County deputies on the scene after Plaintiff had been taken into custody and secured in a patrol unit." Both motions were unopposed by Plaintiff Trabucco and are, therefore, granted.

Defendant Rivera's fourth motion *in limine* seeks to exclude any evidence or testimony concerning Defendant Rivera's use of a TASER on other suspects during Defendant's employment with DeSoto County Mississippi." The defendant argues that "Plaintiff and his counsel will attempt [*sic*] introduce evidence and/or elicit, either directly or indirectly, testimony to argue or infer that Defendant Rivera has a propensity to repeatedly cycle his TASER on suspects," which should be prohibited under Fed. R. Evid. 404(b) and 403.

In response, the Plaintiff does not oppose the exclusion of specific instances of prior taser use, but contends that he should be able to introduce evidence "that Defendant Rivera had used his taser as a DeSoto County sheriff's deputy in the past and that, as a result, Defendant Rivera, at the time he arrested Plaintiff, was familiar with the use of a taser, including understanding how the taser operates and functions. The plaintiff argues that "the fact that Defendant Rivera was knowledgeable about the function of a taser from past usage is relevant to the jury's consideration of Defendant Rivera's choice to use his taser."

The plaintiff does not oppose the exclusion of specific instances of Defendant Rivera's taser use but does intend to introduce evidence that the defendant had used his taser before to prove knowledge, which is permissible under Rule 404. Therefore, Defendant Rivera's fourth motion in limine is granted to the extent that it seeks exclusion of evidence of specific instances in which the defendant has used his taser but denied as to the exclusion of evidence that the plaintiff introduces to prove that Defendant Rivera was knowledgeable about the operation and function of the taser.

### III.     Conclusion

In light of the foregoing, it is ordered that defendants' motions *in limine* are granted in part and denied in part, as more specifically set forth in this order.

**SO ORDERED** this 13th day of October, 2023.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**