IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NIKOLAS ANTHONY TRABUCCO**                                                                             **PLAINTIFF**

**v.**                                              **No. 3:22-cv-00132-MPM**

**ANDRES RIVERA**                                                                                  **DEFENDANT**

**ORDER**

       This cause comes before the Court upon the Motion for Judgment as a Matter of Law and New Trial on Damages [108] filed by Plaintiff Nikolas Anthony Trabucco. The defendant has responded in opposition to the motion [112], and the Court, having considered the memoranda and submissions of the parties, is now prepared to rule.

       The facts at trial established that Officer Rivera shot the plaintiff, Mr. Trabucco, with a taser while Mr. Trabucco was on his knees with his hands in the air. This much is apparent from the video. It does not appear from the video that Mr. Trabucco was offering any physical resistance to Officer Rivera. The factual dispute in this case comes from Officer Rivera testifying that he was ordering Mr. Trabucco to "get on the ground" meaning for him to "get on his stomach." Failing to do this, Officer Rivera tased Mr. Trabucco, who had done nothing previously other than pull into the convenience store "at an unreasonable speed."

       After considering these critical facts, the jury found that Officer Rivera had used excessive force against Mr. Trabucco but that he was nevertheless entitled to qualified immunity. The plaintiff requests this Court to grant judgment as a matter of law on the issue of liability and grant a new trial on damages only or, alternatively, find that the verdict was against the overwhelming weight of the evidence and grant a new trial. The plaintiff also complains that this Court

1

inadequately informed the jury on the state of the relevant and applicable law at the time of the events in this case.

The defendant first raises a procedural response to the plaintiff's motion, arguing that the plaintiff failed to move for a judgment as a matter of law prior to the jury's verdict. This argument has no validity whatsoever. Specifically, at the close of evidence and prior to the jury's verdict, counsel for the plaintiff said: "Well, I mean, Your Honor, not only would we argue that the defense is not entitled to a directed verdict, we would re-urge our motion for summary judgment." [106] at 4. This plaint is sufficient to reserve the plaintiff's procedural rights. Let us now try to deal with the real issue in this case.

The defendant correctly states that trial courts should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of evidence. While this Court might disagree with the jury's verdict in this case, it cannot say that the verdict was against the overwhelming weight of the evidence. Under the present court-made body of law known as "qualified immunity," we are constrained to tolerate jury verdicts finding immunity for defendants who tase kneeling individuals in the back. This outcome is dictated by authority cited by the defendant, namely *Salazar v. Molina*, where the Fifth Circuit held that an officer did not violate the Fourth Amendment by applying a ten second tasing on a suspect who is lying prone on the ground with his hands above his head. *Salazar v. Molina*, 37 F.4th 278 (5th Cir. 2022). So long as *Salazar* remains good law in this circuit, trial courts and juries will be hard-pressed to find grounds to award a verdict for a plaintiff whose constitutional rights have been violated.

Another hurdle burdening plaintiffs is determining prior-existing law. This requirement compels trial courts to balance proof on alleged findings of historians, rather than pure application of law to facts. It is a most difficult framework for trial courts to implement under the current state

of the law. Imposition of this court-made construct is presently doing more harm than good – there is little or no incentive for public officials, including police officers, to obtain the requisite training to respect the constitutional rights of citizens to be protected from unnecessary harm from the state. Those who qualify for immunity based on this statute have little incentive to correct loose practices.

The notion of qualified immunity is a court-created law birthed in the case of *Pierson v. Ray*, 386 U.S. 547 (1967), where police in Jackson, Mississippi arrested fifteen Episcopal priests, three of whom were black, for committing the crime of entering a whites-only waiting area. The Supreme Court validated the arrests, which were a clear violation of the priests' constitutional rights. Thereafter, in *Harlow v. Fitzgerald*, the Supreme Court saddled plaintiffs with the additional burden of establishing that a defendant violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This loading of the saddlebags with historical baggage is creating an undue burden on plaintiffs and preventing the natural evolution of the law, whose sole aim should be to seek truth and provide justice.

Though this Court is sympathetic to the plaintiff's predicament, it lacks authority to decide this case any differently.[1] Accordingly, Mr. Trabucco's Motion for Judgment as a Matter of Law and New Trial on Damages [108] is **DENIED**.

**SO ORDERED** this the 24th day of July, 2024.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] In this regard, this writer notes the most excellent commentary on these issues by U.S. District Judge Carlton W. Reeves in *Green v. Thomas*, No. 3:23-cv-00126, 2024 WL 2269133 (N.D. Miss. May 20, 2024).